Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/18/2022 08:09 AM CDT

- 638 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

State of Nebraska on behalf of Daphnie F.,
a minor child, appellee, v. Christina C.,
third-party plaintiff, appellant, and
Mary and Tim Soppe, third-party
defendants, appellees.

___ N.W.2d ___

Filed December 23, 2021.    No. S-21-043.

1. **Modification of Decree: Child Custody: Visitation: Child Support: Appeal and Error.** Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion.

2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Child Custody: Parent and Child: Presumptions.** The parental preference principle establishes a rebuttable presumption that a child's best interests are served by placing custody of a child with a parent.

4. **Child Custody: Parental Rights: Proof.** Under the parental preference principle, absent proof that a parent is unfit or has forfeited the right to custody, a parent may not be deprived of the custody of a minor child.

5. **Child Custody: Parental Rights.** While the best interests of the child remain the lodestar of child custody disputes, a parent's superior right to custody must be given its due regard, and absent its negation, a parent retains the right to custody over his or her child.

6. **Parental Rights: Proof.** For exceptional circumstances to rebut the parental preference principle, there must be proof of serious physical or psychological harm or substantial likelihood of such harm.

7. **Modification of Decree: Parent and Child.** The parental preference principle applies when modifying custody rights as between a natural or adoptive parent and one who stands in loco parentis. When a trial

- 639 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

court reaches the issue of modification, whether the in loco parentis relationship has changed is relevant to determining both whether there has been a material change in circumstances and whether modification is in the child's best interests.

Appeal from the District Court for Washington County: John E. Samson, Judge. Reversed and remanded for further proceedings.

Avis R. Andrews for appellant.

Megan E. Shupe, of Reagan, Melton & Delaney, L.L.P., for appellees Mary and Tim Soppe.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Christina C. appeals the order of the district court for Washington County that denied her application to modify child custody of her daughter, Daphnie F. Pursuant to a Colorado custody order, Daphnie was placed in the "permanent, legal and physical custody" of her paternal grandparents, Mary and Tim Soppe. Christina moved to modify on the grounds that she was a fit biological parent who has a right to custody of her child superior to that of the child's paternal grandparents standing in loco parentis. The district court found that it was in Daphnie's best interests to remain with the Soppes, and Christina appeals. Because the district court's order was issued after our opinion in *State on behalf of Tina K. v. Adam B.*, 307 Neb. 1, 948 N.W.2d 182 (2020), and did not follow the framework therein, we reverse, and remand for further proceedings for reconsideration under the standard in *State on behalf of Tina K., supra*.

## STATEMENT OF FACTS

Daphnie was born in 2014. Until January 2016, she lived primarily with her mother, Christina, in Colorado. The Colorado

Department of Health and Human Services was involved with the family in 2015, and during two periods, Daphnie was removed from her parents' custody and placed in foster care. In July 2016, the Colorado Department of Health and Human Services placed Daphnie with her paternal grandparents, the Soppes, who lived in Washington County, Nebraska. Subsequently, Christina moved from Colorado to Nebraska. On January 17, 2017, the "Phillips County Combined Courts" of Phillips County, Colorado, entered an "Order to Approve Recommendations and Permanency Plan" (hereinafter the Colorado Custody Order), which awarded permanent legal and physical custody of Daphnie to the Soppes.

In 2019, the State of Nebraska successfully sought an order of child support, requiring both Christina and Daphnie's biological father to pay monthly support to Mary, commencing on January 1, 2020. The father did not appear in these proceedings.

On February 13, 2020, Christina filed an application in Washington County District Court to modify child custody. The Colorado Custody Order was registered, and Christina and the Soppes stipulated that Nebraska was the home state of the minor child. On August 27, the Washington County District Court held an evidentiary hearing on jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, Neb. Rev. Stat. §§ 43-1226 to 43-1266 (Reissue 2016 & Cum. Supp. 2020). The court found that it had jurisdiction over the custody order under the Uniform Child Custody Jurisdiction and Enforcement Act and that Nebraska law regarding modification of a previous custody order was applicable going forward.

Trial was held on October 1, 2020, on Christina's application to modify child custody. Evidence centered on Christina's history of substance use. Christina was incarcerated in Colorado around the time Daphnie was initially removed from her home in January 2016. Christina testified that she was "falsely arrested" and put in jail, but ultimately pled guilty to a charge of assault and was placed on 2 years' probation. She

- 641 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

was released in December 2016 and was placed on criminal probation in Colorado. Shortly thereafter, Christina moved to Nebraska to be closer to Daphnie, and her probation was transferred to Nebraska. In August and September 2018, while on probation, Christina received two custodial sanctions of jail sentences for failing to attend a drug test and for failing a drug test. Christina testified that while on probation, she tested positive for alcohol and methamphetamine. Christina completed probation in February 2019.

Christina testified that at the time of trial, she was employed and staying in a home with her mother in Blair, Nebraska. She was exercising parenting time about 50 percent of the time by agreement. She takes medication to treat her bipolar disorder and post-traumatic stress disorder. She was not participating in ongoing drug treatment at the time of trial, but attended Alcoholics Anonymous, Narcotics Anonymous, or "Crystal Meth Anonymous" meetings approximately twice a month.

Christina testified that she continued to drink alcohol "[o]nly on special occasions" and "one or two with friends every now and then," but denied any ongoing concerns about drug or alcohol use. She denied using any illegal drugs since her positive test in 2018. Christina's mother testified that she had seen Christina drink alcohol and that Christina was not currently seeing her counselor. Christina's friend testified that she previously lived with Christina from January 2019 to June 2020 and that she also observed Christina drinking occasionally, but never around Daphnie. Christina's mother testified she could recall only one time when she had seen Christina drink to excess in the last year.

The district court's order emphasized that despite admitting to failing drug tests in the fall of 2018, Christina had filed a motion in Colorado regarding the parenting plan, in which she attached a sworn affidavit that stated: "I believe the modification is in the best interests of the child because: After the Dependency and Neglect case, I was on supervised probation

for two years. I have been sober for over a year, and [I] only had two mishaps over the last three years." The district court characterized the sworn affidavit as a misrepresentation of her sobriety.

The district court also noted "further concerns" about Christina's drug use based on her treatment plan from services she received between November 8, 2018, and February 12, 2019. The treatment and discharge summary plan listed diagnoses of severe alcohol use disorder, in early remission; severe "Amphetamine-type Substance Use Disorder," in early remission; moderate "Bipolar I disorder, [c]urrent or most recent episode manic"; post-traumatic stress disorder; mild cannabis use disorder, in sustained remission; and mild cocaine use disorder, in sustained remission. The treatment plan recorded Christina's "[d]ate of last use" as December 18, 2018.

Mary also testified at trial regarding Christina's substance abuse and recovery. Mary testified that she wanted Daphnie to be reunified with Christina until Mary began noticing changes in Christina's behavior in September 2019. Mary testified that Christina told her, "I haven't used for a month," and refused to take a drug test at that time. Mary confronted Christina at that time, and Christina told her she would return to treatment and counseling. The Soppes began to increase Christina's parenting time with Daphnie to a roughly 50-50 schedule in the summer of 2020 by the parties' agreement. By August 2020, Mary noticed that Christina exhibited angry behavior and that Daphnie was beginning to discuss "adult content" when she returned from Christina's home. Mary testified that she obtained a counselor to assist Daphnie at this time, although Daphnie had only been in counseling for a few months at the time of trial. In its order, the district court emphasized Mary's testimony stating that with Christina's addictions "and what she needs to do to help herself could, in the long run, affect Daphnie."

In its order, the district court observed that Christina had not alleged a material change in circumstances but

- 643 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

generally requested custody because she is Daphnie's biological mother. The district court found that the Soppes have an in loco parentis relationship with Daphnie. The district court found that the parental preference principle had been overcome because (1) the Colorado Custody Order placed Daphnie in the permanent custody of the Soppes "due to [Christina's] deficient parenting issues," (2) the Soppes have provided a stable and nurturing home for Daphnie since 2016, and (3) it was in Daphnie's best interests to remain with the Soppes. The district court found that Christina's recovery has "not surprisingly, taken time, and she has had her share of ups and downs." It found that although "there has been improvement," the best interests of Daphnie are clearly to have her care, custody, and control remain with the Soppes. The district court awarded Christina parenting time, conditioned on her sobriety, every Friday evening through Sunday evening, 2 weeks during the summer, and 6 hours on each of the major holidays named in the order. The district court denied Christina's motion for new trial.

Christina appeals.

## ASSIGNMENT OF ERROR

Christina assigns, summarized and restated, that the district court erred when it denied her application to modify child custody.

## STANDARDS OF REVIEW

[1,2] Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion. *Windham v. Kroll*, 307 Neb. 947, 951 N.W.2d 744 (2020). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

- 644 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

## ANALYSIS

Christina, the biological mother of Daphnie, claims that the district court erred when it denied her motion for modification by which she sought to change custody of Daphnie from the paternal grandparents serving in loco parentis, to herself. The district court's denial was based on its reasoning that despite Christina's progress, there had not been a substantial change in circumstances to warrant a modification. Because the district court failed to follow the framework we set in *State on behalf of Tina K. v. Adam B.*, 307 Neb. 1, 948 N.W.2d 182 (2020), we agree with Christina that reversal is warranted. We reverse, and remand for further proceedings as more fully set forth below.

The trial in this case was conducted on October 1, 2020, and the district court's order was filed on December 4. *State on behalf of Tina K., supra*, was filed on September 4, and it clarified the framework by which the trial courts are to proceed where, as here, a natural or adoptive parent seeks to change custody to herself or himself from parties with custody who stand in loco parentis of the child. The principles described in *State on behalf of Tina K.* were reiterated in *Windham v. Kroll, supra*, the latter of which was admittedly filed 1 week after the order on appeal.

[3-6] In *State on behalf of Tina K., supra*, in which a biological parent sought modification of custody of a child who had been living with a third party standing in loco parentis, we reiterated the primacy of parental preference. The parental preference principle establishes a rebuttable presumption that a child's best interests are served by placing custody of a child with a parent. See *id*. Under the parental preference principle, absent proof that a parent is unfit or has forfeited the right to custody, a parent may not be deprived of the custody of a minor child. *Id*. While the best interests of the child remain the lodestar of child custody disputes, a parent's superior right to custody must be given its due regard, and absent its negation, a parent retains the right to custody over his or her child.

- 645 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

*Id*. Courts considering the best interests of the child give preference to a fit biological or adoptive parent's superior right to custody, and this right may be defeated only in "exceptional" cases for the child's best interests as we clarified in *State on behalf of Tina K., supra*. See *Windham v. Griffin*, 295 Neb. 279, 887 N.W.2d 710 (2016). In *State on behalf of Tina K., supra*, we explained that for exceptional circumstances to rebut the parental preference principle, there must be proof of serious physical or psychological harm or substantial likelihood of such harm. These principles apply in cases where a parent and those standing in loco parentis seek custody, as well as cases seeking to modify child custody, such as the instant case.

[7] With respect to the modification circumstance, in *Windham v. Kroll*, 307 Neb. 947, 951 N.W.2d 744 (2020), we reiterated that the parental preference principle applies when modifying custody rights as between a natural or adoptive parent and one who stands in loco parentis. When a trial court reaches the issue of modification, whether the in loco parentis relationship has changed is relevant to determining both whether there has been a material change in circumstances and whether modification is in the child's best interests. *Id*.

Although the parties agree that the Soppes stand in loco parentis, the district court did not begin its analytical path in the manner prescribed in *State on behalf of Tina K. v. Adam B.*, 307 Neb. 1, 948 N.W.2d 182 (2020), and *Windham v. Kroll, supra*. It did not determine whether Christina was a fit parent to Daphnie or whether she had forfeited her parental rights. If Christina was a fit parent who had not forfeited parental rights, the district court did not determine whether there were exceptional circumstances, i.e., proof of serious physical or psychological harm or substantial likelihood of such harm, which would allow the best interests of Daphnie to negate the parental preference principle.

In its order, the district court expressed concerns about Daphnie's best interests based on its credibility determinations of the parties and found that the parental preference

- 646 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
STATE ON BEHALF OF DAPHNIE F. v. CHRISTINA C.
Cite as 310 Neb. 638

was negated. The district court's findings and reasoning were not sufficient under the correct standard set forth in *State on behalf of Tina K., supra*, and later reiterated in *Windham v. Kroll, supra*. Because the district court did not apply the correct standard, we determine that for this reason, it abused its discretion, and accordingly, we reverse, and remand for further proceedings.

## CONCLUSION

The district court did not make findings in the manner prescribed by *State on behalf of Tina K., supra*. Accordingly, we reverse, and remand for further proceedings for reconsideration under the standard in *State on behalf of Tina K., supra*. We leave to the district court's discretion whether to allow for expansion of the existing record.

Reversed and remanded for
further proceedings.